# IN THE COURT OF APPEALS OF IOWA

No. 21-0950
Filed January 27, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHRISTOPHER DREW,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.

Christopher Drew appeals the sentence imposed following his guilty plea.

**AFFIRMED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Christopher Drew appeals his sentence for eluding while exceeding the speed limit by more than twenty-five miles per hour or more, in violation of Iowa Code section 321.279(2) (2021), an aggravated misdemeanor. Drew asserts the district court abused its discretion in sentencing him to prison instead of probation. We find no abuse of discretion and affirm.

On the afternoon of March 12, 2021, law enforcement was investigating an alleged stolen vehicle in a trail head parking lot. An officer observed Drew starting to accelerate at a high rate of speed out of the lot and stopped him. The officer smelled alcohol and observed an open can of beer in a paper bag in the cup holder. The officer discovered Drew's driver's license was suspended. When asked to step out of the vehicle for field sobriety testing, Drew put his vehicle into gear and sped away from the uniformed police officers and several marked patrol vehicles. The police pursued Drew for over twenty-five minutes on gravel roads and highways and through towns located in Warren and Marion Counties, most of which were busy with afternoon traffic. In his attempt to get away, Drew at times reached speeds near 100 miles per hour, wove through pumps at a gas station, and cut through the highway median multiple times. The chase ended when Drew's vehicle went into a ditch and a pursuing officer blocked him in. Drew was arrested for eluding and several other traffic offenses.

On June 22, Drew pleaded guilty to eluding while exceeding the speed limit by twenty-five miles per hour or more. At sentencing, Drew requested a suspended sentence and probation, while the State recommended imprisonment.

The court imposed the statutory sentence of two years imprisonment. Drew appeals.[1]

We review a sentence within the permissible statutory limits for an abuse of discretion. *State v. Wilson*, 941 N.W.2d 579, 585 (Iowa 2020). Sentencing decisions of the district court are cloaked with a strong presumption in their favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Drew argues the district court abused its discretion by sentencing him to prison. He asserts the court only considered the nature of his offense when sentencing him. He argues mental-health and substance-abuse services available through probation would better serve to rehabilitate him and protect the public.

The record belies Drew's claim that the court considered only the nature of his offense. The court gave its reasons for the sentence imposed:

> The court has previously accepted the plea. This is time set for sentencing. Only the court has considered the defendant's age and his prior record of convictions with his—which is extensive.
>      . . . .
>      The court in particular is considering the nature of the offense committed and the . . . need or necessity for protecting the community from further offenses by the defendant.
>      The court does consider others that might be inclined to do the same, but really, it's—it's the necessity for protecting the community from further offenses by the defendant. That's much more important.
>      I think I've looked at all relevant factors. I've considered the defendant's statement, and I'll comment on his remarks later.

---

[1] Iowa Code section 814.6 prohibits an appeal from a conviction following a guilty plea unless the defendant establishes good cause. "We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

I agree he does need some mental healthcare. I've looked at the exhibit. I understand he's been in it and seeking care.

He's been in and out of treatment for substance abuse. As the State said, he's been in Narcotics Anonymous, Alcoholics Anonymous, he's been in other programs, Fort Des Moines program with the Department of Corrections. Lots of programs.

. . . .

But more concerning is his conduct once he did get released. He's facing these charges, gets released on bond that he apparently lost some money on once it was revoked after having been in the custody of the Warren County Sheriff for some time, and gets himself arrested.

After the video and seeing the conduct which gave rise to the eluding charge, I couldn't begin to count how many people, other drivers he put in danger. Other people, citizens out on the road. And my recollection is this commenced around three o'clock in the afternoon. This wasn't something late at night with just a few people out.

. . . .

I mean, this was very serious. And that's what really stands out on this incident, is the danger to the public. . . . Very scary conduct.

For that reason especially, but in view of all of the other relevant factors, the court is going to sentence the defendant to serve a term not to exceed two years of confinement in the custody of the Department of Corrections. . . .

I understand he needs an evaluation—or excuse me—he needs treatment, but I think that the need to incarcerate him is paramount, get him off the roads for at least that amount of time.

On our review, we find no abuse of the court's discretion. The court considered multiple factors in sentencing Drew, imposed a sentence within statutory limits, and stated its reasons for the sentence imposed, which are neither untenable nor unreasonable. *See id.* We affirm.

**AFFIRMED.**